COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-057-CV

 

 

IN THE INTEREST OF                                                                            

 

 

A.E.R., A MINOR CHILD                                                                        

 

                                              ------------

 

           FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Charles R. appeals
from a Domestic Relations Order (DRO) entered in connection with the trial
court=s clarification of the agreed divorce decree between appellant and
appellee Tina E.  In one issue, appellant
contends that the trial court did not have jurisdiction to include in the DRO
provisions (1) requiring appellant to name appellee as a former spouse
beneficiary entitled to benefits under the Armed Forces Survivor Benefit Plan
and (2) entitling appellee to medical and dental benefits, and commissary and
post exchange privileges, as the former spouse of a member of the armed
forces.  We reverse and remand.

Background

The trial court entered an
Agreed Decree of Divorce between appellant and appellee on August 3, 1992.  In connection with the decree, the trial
court entered a Qualified Domestic Relations Order (QDRO) governing the
division of appellant=s military
retirement benefits.  In response to a
motion for modification of conservatorship and child support that appellant
filed in October 2003, appellee filed a motion seeking to enforce certain parts
of the decree by contempt, in particular, the following provision awarding
appellee a percentage of appellant=s military retirement benefits:

[Appellee] is awarded the following as [her] sole
and separate property, and [appellant] is divested of all right, title,
interest, and claim in and to such property:

 

[Appellant] is a participant in a retirement
program with the United States Army. 
Fifty percent (50%) of retirement benefits from this plan as of August
3, 1992, pursuant to the following provision:

 

This Agreed Decree of Divorce shall be a AQualified
Domestic Relations Order@
pursuant to section 4[14](p) of the Internal Revenue Code and Chapter 76, Title
110B, TX. Rev. Civ. Statutes.  In
compliance with that provision, a separate order entitled AQualified
Domestic Relations Order@ is
attached hereto.

 








In her motion for enforcement of the decree, appellee asked the trial
court to enforce this provision by contempt, or if it was not definite enough
to be enforceable by contempt, to clarify the decree so that it would be
enforceable by contempt.  See Tex. Fam. Code Ann. ' 9.008 (Vernon 1998).  Appellee
claimed she was entitled to past-due payments of $550 per month from August 1,
1998 through November 1, 2003; she did not ask that she be named a former
spouse beneficiary under appellant=s Armed Forces Survivor Benefits Plan, nor did she plead for medical
and dental coverage and commissary and post exchange benefits as a former
spouse of a member of the armed forces.








After a hearing on appellee=s motion, the trial court found that the decree was not enforceable by
contempt but that it should be clarified. 
The court found that appellant was in arrears $15,208.94 from May 2002
through April 2004 and that interest of $1,204.43 had accrued.  Appellant does not contest this award to
appellee.[2]  In its order clarifying the decree, the trial
court delineated how appellee=s percentage of appellant=s retirement benefits should be calculated and paid.  It did not order that appellee be named as a
former spouse beneficiary under the Armed Forces Survivor Benefits Plan, nor
did it order that appellee receive medical and dental benefits and commissary
and post exchange privileges as appellant=s former spouse.  However, the
accompanying DRO entered by the trial court included such provisions.[3]  It is the inclusion of those provisions in
the DRO that appellant challenges on appeal.[4]  

Applicable Law

A trial court has continuing
jurisdiction to enter a QDRO permitting payments of retirement benefits when
they become payable if it has not previously rendered such an order.  Tex.
Fam. Code Ann. ' 9.101; In
re Marriage of Jones, 154 S.W.3d 225, 228 (Tex. App.CTexarkana 2005, no pet.).  In
addition, if the QDRO in place does not Asatisfy the requirements of a [QDRO] . . . the court retains
continuing, exclusive jurisdiction over the parties and their property to the
extent necessary to render@ one.  Tex. Fam. Code Ann. ' 9.104; Jones, 154 S.W.3d at 228.








Although these sections allow
a trial court to create a QDRO where none exists, or to correct language in a
QDRO that renders it defective, they do not permit a court to substantively
change a property division.  Jones,
154 S.W.3d at 228.  While the court may
enter a Aclarifying order@ to enforce
compliance with an insufficiently specific decree, a court Amay not amend, modify, alter, or change the division of property made
or approved in the decree of divorce.@  Tex. Fam. Code Ann. '' 9.007(a), 9.008; Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex.
2003).  Altering the substantive division
of property made in a final divorce decree is beyond the power of the trial
court, and such a change is unenforceable. 
Tex. Fam. Code Ann. ' 9.007(b); In re Marriage of McDonald, 118 S.W.3d 829, 832
(Tex. App.CTexarkana
2003, pet. denied).  The trial court must
enforce the decree as written, not as it should have been written.  Shanks, 110 S.W.3d at 447; Cox v. Carter,
145 S.W.3d 361, 366 (Tex. App.CDallas 2004, no pet.).








Section 9.007 of the Texas
Family Code is typically read in tandem with section 9.008.  Jones, 154 S.W.3d at 228.  Under section 9.008, a QDRO that is not
defective, but is not clear enough to be enforceable by contempt, is treated as
requiring clarification and is not handled under the subchapter controlling the
creation or implementation of a QDRO.  See
Shanks, 110 S.W.3d at 449; Jones, 154 S.W.3d at 228; Marshall v.
Priess, 99 S.W.3d 150, 155‑62 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
Thus, section 9.103 of the Texas Family Code allows creation of a QDRO,
section 9.104 allows correction of a QDRO that is defective, and section 9.008
allows clarification of a QDRO that is technically adequate but for some reason
needs to be made clearer.  Jones,
154 S.W.3d at 228.  The DRO in this case
was clarified under section 9.008.








To determine whether the
inclusion of the two complained-of provisions in the new DRO was a proper
clarification of the 1992 QDRO, we must determine whether the provisions Amore precisely specify the manner of carrying out a previously ordered
property division@ in the
decree or if they impermissibly Aamend, modify, alter, or change the division of property made or
approved in the decree.@  Tex.
Fam. Code Ann. ' 9.007(a); Jones,
154 S.W.3d at 228 n.6; Dechon v. Dechon, 909 S.W.2d 950, 956 (Tex. App.CEl Paso 1995, no writ).  When
interpreting a divorce decree, courts apply the general rules regarding
judgments.  Shanks, 110 S.W.3d at
447.  If the decree read as a whole is
unambiguous as to the property=s disposition, the court must interpret the language literally, but if
the decree is ambiguous, the court should review the record along with the
decree to aid in interpreting the judgment. 
Id.  In addition, if a
decree is ambiguous, courts should adopt the construction that correctly
applies the law.  Id.   Whether a decree is ambiguous is a question
of law.  Id.

Analysis

Here, as appellee points out
in her brief, both the decree and the first QDRO Afailed to address th[e] issue of the survivor benefit plan,@ and A[t]he record
is completely devoid of any agreement between the parties concerning anything
except the reimbursement of medical expenses [for A.E.R.], [and] Appellant=s dates of marriage, enlistment in the service, divorce and retirement
from the service.@  The 1992 decree and QDRO concern only the
payment of appellee=s fifty
percent of the retirement benefits payable to appellant; they do not require
appellant to name appellee as a former spouse beneficiary for the purpose of
providing her with a survivor annuity under his retirement plan, nor do they
state that appellee is entitled to medical and dental benefits, and commissary
and post exchange privileges, as a former spouse.  








Under federal law, a member
of the armed forces who is entitled to retirement pay may elect to provide an
annuity to a former spouse, payable to the former spouse upon the member=s death.  10 U.S.C.A. '' 1448(a)(1)-(2), (b), 1450 (West 1998 & Supp. 2005).  The cost of the annuity is deducted from the
member=s retirement pay.  Id. ' 1452 (West 1998 & Supp. 2005). 
Both the 1992 decree and QDRO state that the payment of retirement
benefits to appellee ends on the death of either appellant or appellee; thus,
neither contemplates the payment of survivor benefits to appellee.  Additionally, 10 U.S.C.A. sections 1062 and
1072(2)(F) and (G), which govern the entitlement of former spouses to
commissary and post exchange privileges and medical and dental coverage,
respectively, apply only upon the death of the service member.  See 10 U.S.C.A. '' 1062, 1072(2)(F), (G) (West 1998). 
Moreover, they are applicable only to former spouses who have not
remarried and who were married to the service member at least twenty
years.  Id.  Thus, not only is there nothing in the decree
indicating that the parties agreed appellee would be entitled to these
additional privileges, she is ineligible for them under federal law because she
is remarried and she was not married to appellant for at least twenty years.  We conclude that the parties= agreed property division, as evidenced in the original decree and
QDRO, did not contemplate that appellee would be entitled to additional
benefits other than the receipt of a percentage of appellant=s retirement pay.








We hold that the
complained-of additional provisions do not more precisely specify the manner of
carrying out the original QDRO; instead, they impose additional obligations on
appellant that, by appellee=s admission, were not included in the original decree or QDRO.  Therefore, the trial court did not have the
authority to include these additional provisions in the DRO.  See Tex.
Fam. Code Ann. '' 9.007(a),
(b), 9.008; Shanks, 110 S.W.3d at 449. 
We sustain appellant=s sole issue.

Conclusion

Having sustained appellant=s sole issue, we reverse the DRO and remand the case to the trial
court for entry of a corrected DRO that deletes any reference to (1) appellee
being entitled to survivor benefits, either as a surviving spouse or a former
spouse, under 10 U.S.C.A. chapter 73 (the Armed Forces Survivor Benefit Plan),
(2) appellee=s being
entitled to medical and dental care under 10 U.S.C.A. chapter 55, and (3)
appellee=s being entitled to commissary and post exchange privileges Ato the same extent and on the same basis as a surviving spouse of a
retired member of the United States Armed Forces.@ 

 

PER CURIAM

PANEL F:    LIVINGSTON, J.; CAYCE, C.J., and DAUPHINOT,
J.

 

DELIVERED:
February 16, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
also does not challenge the trial court=s award of $1,308 in attorney=s
fees to appellee.





[3]The
DRO states that appellee is currently named a spouse beneficiary of appellant=s
Armed Forces Survivor Benefit Plan and that appellant=s
election to provide such benefits to appellee should be continued by appellee
being designated as a former spouse beneficiary under the plan.  However, there is no evidence in the
appellate record that supports this finding.





[4]Appellee
contends that appellant did not preserve this issue for review, but a trial
court=s
subject matter jurisdiction may be raised for the first time on appeal.  See Bland ISD v. Blue, 34 S.W.3d 547,
553-54 (Tex. 2000); Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.,
167 S.W.3d 522, 529 (Tex. App.CFort Worth 2005, no pet.).